UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

-FILED-
OCT 27 2025
At ______ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. 3:25CR91 CR
)
JENNIFER L. STECHKOBER, )
)
Defendant. )

**PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by its counsel, M. Scott Proctor, Acting United States Attorney for the Northern District of Indiana, through Luke N. Reilander, Assistant United States Attorney, and the defendant, Jennifer L. Stechkober, and Jennifer W. Corinis, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. My true name is Jennifer L. Stechkober, and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I was born in the United States of America. I have attended school, and I have the ability to read, write, and speak the English language.

3. I am represented by counsel, and my lawyer's name is Jennifer W. Corinis. I understand that my lawyer also represents my sibling in this

matter. I understand that I have the right to the effective assistance of counsel, including separate representation, and I understand that I am waiving my right to have separate representation.

4. I have received a copy of the Information, and I have read it and discussed it with my lawyer. I believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and I believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me, and has counseled and advised me, as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7. I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

(a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana, which must return a unanimous verdict of GUILTY before I can be

convicted;

(b) the right to be released on reasonable bail until my trial occurs;

(c) the right to see, hear, and cross-examine all the witnesses against me at my trial;

(d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

(e) the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

(f) the right not to testify without prejudice; and,

(g) that in the event that I should be found GUILTY of the charge against me, the right to appeal my conviction on such charge to a higher court.

8. I understand also that I am waiving my right to be charged by way of indictment by pleading GUILTY to the Information.

9. I understand that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

10. Notwithstanding the existence of the rights mentioned above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as

follows:

(a) I agree to plead guilty to Count 1 of the Information, which charges me with introducing unapproved new drugs into interstate commerce with the intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(d) and 333(a)(2), because I am, in fact, guilty of the offense charged.

(b) I understand that in order for the Court to accept my guilty plea, the Court must receive what is called a factual basis. In connection with my guilty plea, I acknowledge that the following facts are true and that they shall form the factual basis for my guilty plea:

I admit that from around February 2020 through March 2024, I was an employee at a business using the names of "Paradigm Peptides" and "Paradigm RE LLC", also commonly known as "Paradigm." Paradigm was operated as an online business that marketed products through the website www.paradigmpeptides.com. Some of the products marketed by Paradigm on the website included articles known as peptides, Selective Androgen Receptor Modulators (also known as "SARMs"), and Human Chorionic Gonadotropin (also known as "HCG"). I admit that the peptides, SARMs, and HCG products sold by Paradigm were new drugs under the Food, Drug and Cosmetic Act ("FDCA") that required approval by the Food and Drug Administration ("FDA") before they could be lawfully distributed in interstate commerce. I admit that the FDA never approved any Paradigm product, and that Paradigm never sought approval from the FDA for any of its products.

I admit that my brother, Matthew J. Kawa, was in charge of Paradigm, and that he employed some individuals who assisted with the marketing and sale of Paradigm products, including me.

I admit that Paradigm operated out of an office building in Michigan City, Indiana, which is in the Northern District of Indiana. The Michigan City location was used to package, label, and ship Paradigm products purchased by customers. I worked at the Michigan City location. I helped to package, label, and ship Paradigm products purchased by customers. I also communicated

with customers who contacted Paradigm both by phone and by email.

I admit that Paradigm marketed, sold, and distributed its products to customers located throughout the United States and in other countries, which means that I introduced Paradigm's products into interstate commerce.

I admit that on March 30, 2022, the FDA issued a letter to Paradigm, warning Paradigm that it was marketing SARMs and peptides for the prevention, treatment, mitigation, diagnosis, and cure of diseases, and that this was in violation of the FDCA and FDA regulations. In response to the FDA warning letter and as an employee of Paradigm, I responded to the FDA by email. The email stated that "These items are used for research only and do state such on each label and on our website in several places. We are not authorizing the use for human consumption on any level." These representations were false because I knew that Paradigm's products were being marketed and sold for human consumption. Following the issuance of the FDA warning letter until March 20, 2024, Paradigm continued to market peptides, SARMs, and HCG products to customers. On Paradigm's website and on the labeling of Paradigm products, there were representations that Paradigm products were not for human consumption but intended only for laboratory and research. These representations were false because I knew that Paradigm's products were being marketed and sold for human consumption. The purpose of these false representations was to mislead the FDA and the government about Paradigm's intention to sell products for human consumption.

I admit that on the Paradigm website, there were false statements about the products that induced customers to purchase Paradigm products, including that the products were of the highest purity and that they were manufactured in the United States. In actuality, the Paradigm business was not manufacturing the products in the United States; instead, products were being obtained from China, India, and other countries. In addition, the Paradigm business was not testing the products for quality or purity. I admit that, in emails to customers, I falsely told customers that Paradigm was registered

with the FDA. I admit that I forged Certificates of Analysis associated with Paradigm products by editing the information and watermarks on other businesses' Certificates of Analysis. I admit that I declared the contents of outgoing products being shipped to customers outside of the United States as "cosmetic samples" so as to avoid scrutiny at U.S. Customs checkpoints.

I knew that the statements on the website and in customer emails representing that Paradigm products were of good quality and met FDA standards were false, and that these statements induced customers to buy Paradigm products. I admit that I acted with my brother, Matthew J. Kawa, in making these false representations in order to obtain money from the customers who purchased Paradigm products, and that I acted with the intent to defraud.

I admit that I was not involved in testing any SARM products that Paradigm sold to customers, and that some of these SARM products consisted of testosterone even though the product was marketed and labeled as consisting of a SARM.

From approximately April 2019 through March 2024, Paradigm sold more than $3,000,000.00 in unapproved new drug products, which includes sales of peptides, SARMs, and HCG products.

I admit that my brother, Matthew J. Kawa, and I regularly introduced into interstate commerce unapproved new drugs, including, but not limited to, the following products:

| **Approximate date of shipment** | **Product Name** | **Lab Result** | **Shipping Details** |
|---|---|---|---|
| February 9, 2023 | Thymosin Alpha 1 (peptide) | Thymosin Alpha 1 | Shipped from Indiana to Illinois |

| | | | |
|---|---|---|---|
| February 9, 2023 | BPC-157 (peptide) | BPC-157 | Shipped from Indiana to Illinois |
| September 1, 2023 | YK-11 (SARM) | testosterone | Shipped from Indiana to Illinois |
| September 1, 2023 | Ostarine MK-2866 (SARM) | testosterone | Shipped from Indiana to Illinois |
| September 1, 2023 | Ibutamoren MK-677 (SARM) | testosterone | Shipped from Indiana to Illinois |

(c) I understand that the maximum possible penalty that may be imposed upon me for a conviction of the offense of introducing unapproved new drugs into interstate commerce with the intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(d) and 333(a)(2), as charged in Count 1 of the Information, is a term of imprisonment not to exceed 3 years, a fine not to exceed $250,000.00 or twice the gain derived or loss suffered as a result of the offense, or a combination of both imprisonment and a fine, to which may be added a term of supervised release of not greater than 1 year, plus a mandatory $100.00 special assessment, in addition to any other penalty imposed.

(d) I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood, and acceptance of responsibility, as well as possible departures from the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after consideration of a pre-sentence investigation report; input from my counsel, from the government, and from me; federal sentencing statutes; and the U.S. Sentencing Guidelines.

(e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

(f) As part of this agreement, I agree to make restitution to the victim(s) of my offense in an amount to be determined by the sentencing court. I acknowledge that restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. I understand that a payment schedule imposed by the Court establishes only a minimum obligation, and does not preclude the United States Attorney's Office from pursuing any other means to collect the restitution judgment pursuant to federal and state law.

(g) I expressly authorize the U.S. Attorney's Office to obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree upon request by the U.S. Attorney's Office to submit within 30 days of the request a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate, and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

(h) I agree to forfeit any interest I might have in all unapproved new drugs and misbranded drugs seized on or about March 20, 2024, from the business premises of Paradigm in Michigan City, Indiana. I also agree to forfeit any interest I might have in all other property seized on or about March 20, 2024, from the business premises of Paradigm in Michigan City, Indiana, that was used by the Paradigm business, including labels, bottles, and other products, to commit the offense to which I am pleading guilty.

(i) In further consideration for my plea of guilty to Count 1 of the Information, the government, pursuant to the Federal Rules of Criminal Procedure 11(c), agrees to make the following non-binding recommendations. Any agreements which follow in these sub-paragraphs are submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and are not binding upon the Court; I understand this means that if the Court refuses to follow the recommendations set forth in these sub-paragraphs, I will not be allowed to withdraw my guilty plea.

(1) The government and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level. The government and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level. However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct, including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility.

(2) At the time of sentencing, the government shall recommend that I receive a sentence no higher than the low end

of the applicable guideline range, said guideline range to be determined by the Court.

(3) I understand that the Court is not bound by these recommendations, that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility, and that I am not entitled to withdraw this guilty plea if the Court decides not to accept these recommendations.

(j) I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense as well as the full extent of my criminal history.

(k) I understand that other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

11. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

12. I understand this plea agreement is an interlocking plea agreement with my co-defendant. This means that this plea agreement is dependent upon both myself and my co-defendant entering into and abiding by all of the terms of both of our plea agreements. A violation by me or my codefendant of any term of these plea agreements will allow the government to exercise certain rights against me or my co-defendant. Specifically, I understand that if I or my co-defendant violate any of the terms of our plea agreements, including our continuing obligation to demonstrate acceptance of responsibility, the government may at its option either (a) ask the Court to

make a determination that I have, or that my co-defendant has, breached a term in the plea agreements in this case, in which event both myself and my co-defendant would, at sentencing, lose the benefit of all the non-binding promises made by the government in any of our agreements and we would have no right to withdraw our guilty pleas, or (b) the government could seek to have the Court declare any or all of the agreements null and void, in which event we could then be prosecuted for all criminal offenses that we may have committed.

13. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

14. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and that no promises have been made to me other than those contained in this plea agreement, and that I have not been threatened in any way by anyone to cause me to plead GUILTY in accordance with this plea agreement.

/

/

/

/

/

15. I understand and acknowledge that this plea agreement, once filed with the Court, is a public document and available for public viewing.

*s/Jennifer L. Stechkober*
Jennifer L. Stechkober, Defendant

*s/Jennifer W. Corinis*
Jennifer W. Corinis, Attorney for Defendant

APPROVED:

M. SCOTT PROCTOR
ACTING UNITED STATES ATTORNEY

By: *s/Luke N. Reilander*
Luke N. Reilander
Assistant United States Attorney
United States Attorney's Office
204 S. Main Street, Room M01
South Bend, IN 46601
(574) 236-8287
luke.reilander@usdoj.gov