UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cr-00091-CCB |
| | ) | |
| MATTHEW J. KAWA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' UNOPPOSED MOTION FOR
ORDER OF FORFEITURE**

The United States respectfully moves for an Order of Forfeiture in the above-captioned case for the reasons set forth below:

1.    The Defendant, Matthew J. Kawa, has been charged with the criminal offenses set out in the Information filed on October 27, 2025—namely, one count of introducing unapproved new drugs into interstate commerce with the intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(d) and 333(a)(2), and one count of importing merchandise contrary to law, in violation of 18 U.S.C. § 545. (See ECF 1.) In the Information, the government gave notice to Mr. Kawa that, in the event of conviction, the government would seek forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B) of any property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses.

1

2.    On October 27, 2025, Mr. Kawa entered into a plea agreement with the government in which Mr. Kawa agreed to plead guilty to the two charges set out in the Information. (See ECF 2.) In the plea agreement, Mr. Kawa agreed that his business sold more than $3,000,000.00 in unapproved new drug products. (ECF 2, p.6.) In the plea agreement, Mr. Kawa also agreed to the entry of a money judgment in an amount that totals at least $3,314.498.00, and he acknowledged that the money judgment amount represented the amount of proceeds that he had derived from the commission of the offense of introducing unapproved new drugs into interstate commerce with the intent to defraud and mislead to which he was pleading guilty. (ECF 2, p.10.) In the plea agreement, Mr. Kawa acknowledged that the parties disagreed about the total amount of proceeds that Mr. Kawa had obtained from the commission of his offense, and that the government might seek the entry of a money judgment that was larger. (ECF 2, p.10.)

3.    On December 10, 2025, Mr. Kawa entered a plea of guilty before the Court, according to the terms of his plea agreement. (ECF 13.) The Court accepted Mr. Kawa's guilty plea on January 5, 2026. (ECF 26.)

4.    Following Mr. Kawa's guilty plea, counsel for the government and for the defense engaged in extensive discussions regarding the total amount of money paid by customers for unapproved Paradigm products and the total amount of unlawful proceeds that Mr. Kawa derived from the Paradigm

2

business. The parties reviewed records from a shipping business, data from the website's electronic commerce platform, and Mr. Kawa's financial records. These records had conflicting sales totals. Following the plea agreement, Mr. Kawa spoke with investigators, and he explained that Paradigm did not keep records for the sales that were processed and for the amounts of money paid by customers. Mr. Kawa explained that he used third-party processing businesses which received all the money paid by customers and which processed the sales. Mr. Kawa explained that these third-party processors would periodically transfer the customers' money to Paradigm's bank accounts after keeping a percentage of the sales money as its service fees. Based on all of the above, both counsel for the government and counsel for Mr. Kawa have recognized that it is not possible to reach an exact calculation of the total amount of money paid by customers for Paradigm products, nor an exact calculation of the total amount of proceeds that Mr. Kawa derived from the Paradigm business. But in the interest of resolving these matters in good faith, the parties have agreed to the amount of $5,000,000. The parties believe that this figure represents a reasonable and good-faith estimate of the loss amount and the amount of proceeds Mr. Kawa derived from his offense from April 19, 2019, to the day the business stopped operating on March 20, 2024.

5. The government has not, as of this date, identified specific assets that were derived from the offense to which Mr. Kawa has pleaded guilty. Nor

has the government yet identified any property of Mr. Kawa that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). Accordingly, the government seeks the entry of an Order of Forfeiture consisting of a personal money judgment against Mr. Kawa in the amount of $5,000,000.00.

6.    Because the forfeiture order will consist only of a money judgment, no ancillary proceeding will be required to adjudicate the interests of third parties in the forfeited property. *See* Fed. R. Crim Pr. 32.2(c)(1).

7.    The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See, e.g., United States v. Baker*, 227 F.3d 955, 969-71 (7th Cir. 2000); *United States v. Holland*, 160 F.3d 377, 380 (7th Cir. 1998); *United States v. Ginsburg*, 773 F.2d 798, 801-03 (7th Cir. 1985).

8.    Once the Order of Forfeiture is entered, the government may collect on the forfeiture judgment in the same way that a successful plaintiff collects on a money judgment from a civil defendant, and may move at any time pursuant to Rule 32.2(e)(1)(B) to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. *See Baker*, 227 F.3d at 970-71; *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006).

9.    The government has conferred with defense counsel, Ms. Comley, regarding this motion, and Ms. Comley has indicated that she has no objection to the motion.

WHEREFORE, by virtue of Mr. Kawa's guilty plea and his agreement to the entry of a money judgment against him, the government respectfully requests that this Court enter an order of forfeiture in the form of a personal money judgment against Mr. Kawa in the amount of $5,000,000.00.

Dated: June 11, 2026.

Respectfully submitted,

ADAM L. MILDRED
UNITED STATES ATTORNEY

BY:    /s/*Luke N. Reilander*
Luke N. Reilander
Assistant United States Attorney
United States Attorney's Office
204 S. Main Street, Room M01
South Bend, IN 46601
(574) 236-8287
Email: luke.reilander@usdoj.gov